IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| MIGUEL RODRIGUEZ, | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| CITY OF ALLENTOWN, | : | NO. |
| | : | |
| FORMER MAYOR ROY AFFLERBACH, | : | |
| Individually and in his official capacity as | : | |
| former Mayor of the City of Allentown; | : | |
| | : | |
| MAYOR EDWIN PAWLOWSKI, Individually | : | |
| and in his official capacity as Mayor of the City | : | |
| of Allentown | : | |
| | : | |
| CHIEF OF POLICE JOSEPH C. BLACKBURN, | : | |
| Individually and in his official capacity as | : | |
| Chief of the Allentown Police Department; and | : | |
| | : | |
| FORMER OFFICER DAVID PATINO, Individually and | : | |
| as a member of the Allentown Police Department, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## **COMPLAINT**

AND NOW COMES, the Plaintiff, MIGUEL RODRIGUEZ, by

and through his attorney, Thomas J. Turczyn, Esquire, and avers the following:

## I. **JUR1SDICTION**

1.      The jurisdiction of this court is invoked pursuant to 28 U. S. C. §§

1331 and 1343(1), (3) and (4).

2.      This is an action for damages authorized by and/or arising under

42 U.S.C. §§ 1983, and the First, Fourth, Fifth, Sixth, Eighth, Thirteenth and

Fourteenth Amendments to the Constitution of the United States.

1

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of One Hundred Fifty Thousand ($150,000.00) Dollars.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 in that the alleged unlawful conduct set forth in this Complaint which forms the legal basis of the Plaintiffs claims occurred within the Eastern District of Pennsylvania.

## II.  PARTIES

5. Plaintiff, Miguel Rodriguez, is an adult individual, who is a Hispanic citizen of the United States of America, the Commonwealth of Pennsylvania and the City of Allentown, County of Lehigh.  Plaintiff resides at 303 E. Chew Street, Allentown, Pennsylvania, 18102.

6. The Defendant, City of Allentown (hereinafter referred to as "the City"), is a political subdivision of the Commonwealth of Pennsylvania and situated within the Eastern District of Pennsylvania, with its address at 435 Hamilton Street, Allentown, Lehigh County, Pennsylvania, 18101. It is incorporated and exists as a city of the Third Class under the laws of the Commonwealth of Pennsylvania and is empowered to establish, regulate and control its police department for enforcement of laws within its jurisdiction and for the purpose of protecting and preserving the persons and property within the jurisdiction of the City.

7. The Defendant, Roy Afflerbach (hereinafter "Afflerbach") was, at all times relevant to the within action, the Mayor of the City of Allentown, with

his address at 435 Hamilton Street, Allentown, Lehigh County, Pennsylvania, 18101. As Mayor, Afflerbach had policymaking authority for the City of Allentown and the police department and was responsible for supervising the actions of the police department and its officers. He is sued in his individual and official capacities.

8.      As Mayor, Afflerbach was an elected official of the City of Allentown, in direct supervision of the police department and its sworn members and also of the selection of supervisory personnel of the Allentown Police Department and, as such, is responsible for the formulation and/or implementation of practices, policies, customs and procedures and for overseeing the day to day operation and command of the police department.

9.      As Mayor, Afflerbach was responsible for promulgating and enforcing all rules and regulations concerning the operation of the Allentown Police Department. He was further responsible by himself or through his agents to investigate the alleged misconduct of police officers outside of the normal channel of investigation internal to the police department.

10.      At all times relevant to the within action, Afflerbach acted within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the Defendants named herein in their conduct and actions or acted in concert with them in performance of their conduct or actions.

11.     The Defendant, Edwin Pawlowski, is the Mayor of the City of Allentown and has the policy making authority for the City of Allentown and is responsible for supervising the actions of the police department and its officers.

12.     The Defendant Joseph C. Blackburn (hereinafter "Blackburn"), at all times relevant to the within action, was the Chief of Police for the City of Allentown Police Department whose address was 425 Hamilton Street, Allentown, Lehigh County, Pennsylvania, 18101.

13.     At all times relevant to the within action, Blackburn had policymaking authority for the police department of the City of Allentown and was responsible for supervising the actions of the police department and its officers.

14.     As Chief of Police, Blackburn was responsible for the formulation and/or implementation of practices, policies, customs and procedures, control, assignment and discipline of the officers of the Allentown Police Department.

15.     As Chief of Police, Blackburn was responsible for overseeing the day to day operation of the police department and the command and control of all of its officers.

16.     At all times relevant to the within action, Blackburn was acting within the scope of his duties and under the authority as Chief of Police and acted under color or title of state or municipal public law or ordinance and supervised or controlled of the Defendant Officer named herein in his conduct and actions or acted in concert with him in performance of his conduct or actions.

17.     Blackburn and Afflerbach had the ultimate authority for supervising and controlling the officers of the Allentown Police Department and Blackburn is sued in his individual and official capacities.

18.     The Defendant David Patino (hereinafter "Patino"), is an adult individual who, at all times relevant to this cause of action, served in the capacity as a sworn officer in the Allentown Police Department, whose address is 425 Hamilton Street, Allentown, Lehigh County, Pennsylvania, 18101. As a police officer, Patino was entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Allentown.

19.     The Defendant Patino was entrusted to protect the Constitutional rights of those he encounters and, at all times relevant to the within action, acted under his authority and color or title of state or municipal public law in the performance of his duties or the conduct of his actions.  Patino is sued in his individual and official capacities.


III.   **FACTS GIVING RISE TO CAUSE OF ACTION**


20.     On June 21, 2004, at approximately 10:40 a.m., Plaintiff was seated in his automobile then located on the parking lot of a convenience store situated at the northeast corner of Seventh Street and Tilghman Street in the City of Allentown, Lehigh County, Pennsylvania.

21.  At the aforesaid time and place, the Defendant Patino came to Plaintiff's vehicle and delivered a serious of vicious and unprovoked punches to the Plaintiff's face, head and neck, which Defendant Patino described as "stunning blows".

22.  The Plaintiff was shocked, dazed and stunned by the vicious and unprovoked beating he received from Defendant Patino.

23.  Immediately after viciously beating the Plaintiff while Plaintiff was seated in his car, the Defendant Patino forceably removed Plaintiff from his car and continued to beat on the Plaintiff.

24.  During the course of continuing his vicious and unprovoked beating upon the Plaintiff, the Defendant Patino threw the Plaintiff to the asphalt parking surface and handcuffed him.

25.  At the time the Defendant Patino commenced his vicious and unprovoked beating upon the Plaintiff, the Plaintiff had no idea of the identity of Defendant Patino.

26.  The Plaintiff resisted the beating inflicted upon him by trying to protect himself from the savage blows administered by Defendant Patino.

27.  When Plaintiff was dragged out of his car while being plumeted by Defendant Patino, he continued to resist, to defend and protect himself from the vicious and unprovoked attack being administered by Defendant Patino.

28.  After Plaintiff was handcuffed, he was then made aware that he was beaten by an Officer of the Allentown Police Department.

29. In his Affidavit of Probable Cause, the Defendant Patino stated that, "Plaintiff was approached, he was observed eating a suspected bag of same [some] heroin".

30. Further, in his Affidavit of Probable Cause, the Defendant Patino alleged the Plaintiff "threw a torn end bag of suspected heroin to the ground".

31. The Plaintiff had no heroin or any other illegal substance on his person or in his car.

32. Defendant Patino recovered no heroin or trace of heroin or any other controlled substances from the Plaintiff's person or his car.

33. Plaintiff believes and therefore avers that the alleged "torn end bag of suspected heroin" was fabricated by Defendant Patino and was produced by Defendant Patino to justify the vicious beating he inflicted upon the Plaintiff.

34. Defendant Patino, while employed as a police officer by the Defendant City of Allentown, and acting under the color of state law, including but not limited to color of any state statute, ordinance, regulation, customer usage and motivated by prejudice against the Plaintiff, wrongfully, improperly and illegally administered the vicious beating upon the Plaintiff without justification.

35. Defendant Patino, acting under the color of state law, motivated by prejudice and with the purpose of depriving Plaintiff equal protection and benefits of the law, equal privileges and immunities under the law and due process of the law and without just reason or provocation, verbally and physically abused Plaintiff, directed racial insults, epithets and slurs at the Plaintiff, beat and

brutalized Plaintiff with hands and fists, handcuffed Plaintiff, and searched the person of the Plaintiff..

36.     At all times of Defendant Patino's wrongful, improper and illegal conduct against the Plaintiff including a vicious beating, being dragged from the car and thrown to the ground, all placed the Plaintiff in a position of peril wherein the Plaintiff was frightened and feared for his own safety.

37.     Plaintiff acted in a reasonable manner and attempted to defend himself by resisting the vicious attack inflicted upon him.

38.     Defendant Patino, in the series of unprovoked and unwarranted punches, slaps and blows to the facial area of the Plaintiff, caused the Plaintiff to suffer serious physical injuries, including the loss of two teeth and ultimately several more requiring the use of a dental plate, blackening his eyes, contusions about his head, neck, arms and legs, and caused the Plaintiff to suffer severe emotional anguish and distress.

39.     As a result of the injuries sustained during the vicious beating administered by Patino, the Plaintiff required medical treatment which was provided at the Sacred Heart Hospital in Allentown, Pennsylvania.

40.     Following the treatment which the Plaintiff received for the injuries he received from the vicious unprovoked and unwarranted attack upon him by Defendant Patino, the Plaintiff was transported to the Allentown Police Department wherein he was charged with the following acts:

        A.      Tampering with evidence in violation of Section 4910(1) of the Pennsylvania Crimes Code;

B.     Possession of drug paraphenalia in violation of Section 780-113a of the Pennsylvania CSDDNC;

C.     Resisting arrest under Section 5104 of the Pennsylvania Crimes Code; and

D.     Disorderly conduct under Section 5503(a)(4) of the Pennsylvania Crimes Code.

41.     Defendants then required the Plaintiff to post a cash bond on the charges set forth above, prior to releasing Plaintiff from custody.

42.     Defendant Patino filed the unfounded charges in order to shield himself from any liability for beating the Plaintiff, for uttering racial slurs and for engaging in the above-described illegal and unconstitutional conduct.

43.     In order to effectuate the Plaintiff's arrest on the above charges, the Defendant Patino, acting under the color of State law, motivated by racial prejudice and for the purpose of obstructing, impeding and defeating the due course of justice with intent to deprive Plaintiff of equal protection, and benefits of the law, privileges and immunities under the law and due process of law, gave false testimony under oath to the presiding District Justice as to the circumstances which caused Defendant Patino to bring the charges as set forth above.

44.     The above-described criminal charges were set forth in Criminal Information Number 2004/2802, Lehigh County Court.

45.     The Plaintiff was offered a plea bargain wherein, in exchange for entering a guilty plea, the Plaintiff would receive a 6-month probation.

46. Patino engaged in said conduct while acting under color of state law, motivated by racial prejudice and for the purpose of obstructing, impeding and defeating the due course of justice with intent to deprive Plaintiff of equal protection and benefits of the law, privileges and immunities under the law and due process of the law.

47. Plaintiffs legal counsel for the criminal charges advised the prosecuting district attorney that Plaintiff was unwilling to enter a guilty plea to the charges set forth above, since said charges were false, unfounded and unwarranted.

48. Plaintiff believes and, therefore, avers that the Defendant Patino believed that a guilty plea to the charges stated above was necessary to insulate and/or immunize him from liability and from any civil suit.

49. Despite the urging of the Defendant Patino and against the advice of his own attorney, the Plaintiff refused to plea bargain to charges the Plaintiff knew were false.

50. The Plaintiff submitted himself to trial by jury where, the Plaintiff, through the false testimony of the Defendant Patino, was found guilty.

51. The Plaintiff was incarcerated in Lehigh County Prison for a period of one hundred thirteen days.

52. As a result of the actions of the Defendant Patino, as set forth above, the Plaintiff was held to public shame and humiliation.

53. As a result of the actions of the Defendant Patino as set forth above, Plaintiff sustained bodily injuries and resulting pain, permanent injury to

his teeth, resulting in the loss of two teeth, serious and regular headaches, numerous contusions, shock to his nerves and nervous system, facial scarring and has suffered great mental anguish, outrage and damage to his reputation.

54.     As a result of the actions of Defendant Patino as recited above, Plaintiff, in addition to other damages, has been and will be required to expend sums of money for medical care and treatment.

55.     Plaintiff was also required to expend sums of money for posting bond, for paying fines and costs.

56.     The conduct of the Defendant Patino as set forth above, deprived the Plaintiff of his rights, privileges and/or immunities as secured by the Constitutions of the United States of America, the Commonwealth of Pennsylvania and the statutes and case law therein.

57.     The actions of the Defendant Patino in administering vicious blows to the facial area of the Plaintiff were pursuant to a policy which was promulgated, created, accepted and/or acquiesced to by the Defendant City of Allentown. Said conduct was also utilized, pursuant to the aforesaid policy, in other cases prosecuted by Patino and the other named Defendants.

58.     The Defendant City of Allentown, by and through the supervisors and/or management level employees of the police department, knew or should have known that the Defendant Patino was engaging in the above-described wrongful, illegal and unconstitutional conduct and took no action to prevent said conduct. On the contrary, the City of Allentown, by and through the actions of the supervisors/management level employees of the police department, created,

adopted, participated in and/or acquiesced to the above-described wrongful, illegal and unconstitutional conduct of the Defendants.

59.     City of Allentown, by its action and/or the actions of the supervisors/management level employees and officers of the police department and under the color of state law and motivated by prejudice against the Plaintiff as aforesaid, has violated and deprived the Plaintiff of rights, privileges and immunities secured by the Constitution and the laws of the United States and the Commonwealth of Pennsylvania., thereby causing the injuries and damages to Plaintiff more fully described above.

60.     The Defendants, by their action and under the color of state law and motivated by prejudice against the Plaintiff as aforesaid, violated and deprived the Plaintiff of rights, privileges and immunities secured by the Constitution and the laws of the United States and the Commonwealth of Pennsylvania, in the following particulars:

A.     Defendant Patino illegally stopped, detained, abused, insulted, subjected Plaintiff to peril, brutalized, searched, seized, arrested, confined, imprisoned, prosecuted and gave false testimony against the Plaintiff because of prejudice against the Plaintiff and for the purpose of denying and depriving the Plaintiff of equal protection and benefits of the law, equal privileges and immunities under the law and due process of law as secured by the Fourth, Fifth, Thirteenth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. §1983;

B.     Defendant Patino abused, subjected Plaintiff to peril, brutalized, searched, seized, arrested, confined and imprisoned Plaintiff because of Plaintiff's race and national origin and because Plaintiff exercised his right to freedom of speech secured by the First and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983;

C.     Defendant Patino used wrongful and excessive force against Plaintiff in attempting to detain and arrest Plaintiff, thereby placing the Plaintiff in a position of peril and subjecting Plaintiff to summary punishment and to cruel and unusual punishment in violation of Plaintiff's rights as secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

D.     Defendant Patino brought false and unfounded charges of Resisting Arrest, Tampering with or Fabricating Physical Evidence, Possession of Drug Paraphernalia and Disorderly Conduct against the Plaintiff and testified falsely against Plaintiff in violation of Plaintiff's rights as secured by the Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983;

E.     Defendant Patino's actions forced the Plaintiff to either plead guilty to the false and unfounded charges stated above as a condition precedent to the Plaintiff receiving a minimum, standard range sentence of incarceration pursuant to the plea bargain with the Commonwealth, in violation of Plaintiff's rights as secured by the Fifth, Sixth and Fourteenth Amendments to

the Constitution of the United States and 42 U.S.C. §1983; or to seek a trial by jury; and

   F. Defendant Afflerbach, Blackburn and City of Allentown condoned, acquiesced to and/or approved the above-described illegal conduct of Defendant Patino.

**COUNT ONE**
**VIOLATION OF 42 U.S.C. SECTION 1983**
**MIGUEL RODRIGUEZ,**
**Plaintiff**
**VS.**
**CITY OF ALLENTOWN**
**FORMER MAYOR ROY AFFLERBACH**
**MAYOR EDWIN PAWLOWSKI**
**CHIEF OF POLICE JOSEPH C. BLACKBURN**
**and**
**FORMER OFFICER DAVID PATINO**
**Defendants**

  61. Plaintiff hereby incorporates by reference the allegations in Paragraph One (1) through Paragraph Sixty (60) as though more fully set forth at length.

  62. The actions of the Defendant Patino, and the other Defendants, collectively and in planning, conducting and carrying out the assault on Plaintiff Miguel Rodriguez and administering the uncontrolled, unwarranted and illegal beating, deprived the Plaintiff of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution, the Constitution of the Commonwealth of Pennsylvania and 42 U.S.C. §1983, as follows:

   A. By unlawfully detaining Plaintiff;

14

B.    In using unreasonable or excessive force in beating the Plaintiff without legal or factual justification;

C.    By unlawfully subjecting the Plaintiff to assault and/or battery at the hands of the Defendant;

D.    In the unlawful arrest, restraint and beating the Plaintiff by Defendant Patino and thereafter filing the charges as set forth above;

E.    In unlawfully restraining and falsely arresting the Plaintiff on the charges as set forth above;

F.    In developing or allowing to be developed or implemented a policy, practice, custom or procedure designed to allow the use of excessive force, illegal physical assaults and deprivation of the constitutional rights of citizens;

G.    In developing, implementing and carrying out a policy of administering "stunning blows" as a procedure to deal with individuals suspected of possessing controlled substances;

H.    In developing, implementing and carrying out a policy which poses a threat to the citizens of the City of Allentown by the negligent retention of personnel who engage in patterns of violence against citizens of the City of Allentown;

I.    In failing to develop or implement policies of checks and balances wherein supervisory personnel patrol and monitor the conduct of police officers who inflict violence against the citizens of the City of Allentown;

J.      In the failure of the Afflerbach, Blackburn,  and the City of Allentown to supervise, restrain or subject to discipline any and all officers who illegally use excessive force and inflict violence against the citizens of the City of Allentown;

K.      In the failure of the Afflerbach, Blackburn, and the City of Allentown to implement policies and procedures designed to monitor the actions of its police officers and to import the proper discipline to those officers who use excessive force and inflict violence against the citizens of the City of Allentown;

L.      By the intentional and negligent infliction of emotional distress upon the Plaintiff; and

63.     The conduct of Patino was participated in, approved, condoned and acquiesced to by the remaining Defendants. As a direct and proximate result of the aforesaid actions and omissions of all Defendants in developing, implementing and carrying out the aforesaid policy, the Plaintiff has suffered the following damages:

A.      Loss of the use, benefit and enjoyment of life;

B.      Physical and mental pain and suffering and anguish and embarrassment and humiliation;

C.      Physical injuries to include severe bruising of his arms, legs, back, hands, contusions and abrasions of his arms, legs, back and hands, injury to his neck and back, causing severe pain and resulting in his inability to work for several weeks;

D.      Severe damage to his teeth which resulted in the loss of two teeth that subsequently lead to removal of more teeth and a need for a dental plate;

E.      Loss of valuable and inalienable rights to be free from unlawful search, free from illegal restraint and from all loss associated with his false arrest on the charge of Resisting Arrest;

F       Loss if income and impairment of personal reputation;

G.      Medical expenses; and

H.      Punitive damages, which are justified factually and legally because of the outlandish and outrageous conduct, actions and omissions of one or more of the Defendants as aforesaid.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally and determine that Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A.      A declaration that Defendants have violated Plaintiff's civil rights;

B.      Compensatory damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars;

C.      Punitive damages, as appropriate, against the individual Defendants in their individual capacities;

D.      Exemplary damages, as applicable;

E.      Attorney's fees, costs of suit and pre-judgment interest; and

F.      Such other legal and equitable relief as this Honorable

Court should deem just and proper.


## COUNT TWO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### MIGUEL RODRIGUEZ,
**Plaintiff**
## VS.

### CITY OF ALLENTOWN

### FORMER MAYOR ROY AFFLERBACH
### MAYOR EDWIN PAWLOWSKI
### CHIEF OF POLICE JOSEPH C. BLACKBURN
### and
### FORMER OFFICER DAVID PATINO
**Defendants**


64.     Plaintiff hereby incorporates by reference the allegations in Paragraph One (1) through Paragraph Sixty-three (63), as though more fully set forth at length.

65.     The aforesaid extreme and outrageous conduct, acts or omissions of the Defendant Patino in the scope of his employment or acting independently, were calculated, designed and intended by the Defendant Patino to intentionally inflict deliberate emotional distress, psychological trauma, pain and suffering upon the Plaintiff

66.     The Defendant Patino engaged in said conduct with an intent to instill an immediate and permanent sense of fear in Plaintiff's mind.

18

67. As a direct and proximate cause of the actions and/or omissions of the Defendant, Plaintiff has suffered, continues to suffer and will suffer in the future from extreme emotional distress and resulting physical illness.

68. The cause of action for the tort of intentional infliction of emotional distress is recognized by the Pennsylvania Courts. <u>McNeal vs. City of Easton,</u> 143 Pa.Cmwlth. 151,598 A.2d 638 (1991)

69. The actions of the Defendant Patino against Plaintiff, which constituted outrageous conduct, was known to the Defendants and said actions directly and proximately caused Plaintiff to suffer emotional distress.

70. The actions of the Defendant City of Allentown against the Plaintiff, by and through its supervisors, upper management level employees and officers, constituted outrageous conduct which directly and proximately caused the Plaintiff to suffer emotional distress.

71. As a direct and proximate cause of the actions of the Defendants, as more fully described above, and the resulting extreme mental and emotional distress and physical illness, Plaintiff was rendered disabled from engaging in regular and meaningful employment.

72. As a direct and proximate cause of the actions of the Defendants, as more fully described above, and the resulting extreme mental and emotional distress and physical illness, Plaintiff has incurred and will continue to incur medical bills for his treatment.

73.     Plaintiffs extreme mental and emotional distress and resulting physical illness was caused solely by the actions of the Defendants, as more fully described above, and not by any act or failure to act on behalf of the Plaintiff

74.     As a direct and proximate cause of the outrageous conduct, actions and omissions of the Defendant Patino and the resulting emotional and psychological distress and trauma, mental anguish, pain and suffering, fright, horror, grief; shame, humiliation, embarrassment, severe anger, disappointment, worry and medical expenses, the Plaintiff is entitled to punitive damages, both factually and legally.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally and determine that Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A.     A declaration that Defendants have violated Plaintiffs civil rights;

B.     Compensatory damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars;

C.     Punitive damages, as appropriate, against the individual Defendants in their individual capacities;

D.     Exemplary damages, as applicable;

E.    Attorney's fees, costs of suit and pre-judgment interest;

and

F.    Such other legal and equitable relief as this Honorable

Court should deem just and proper.


**COUNT THREE**
**ASSAULT AND BATTERY**
**MIGUEL RODRIGUEZ,**
**Plaintiff**
**VS.**
**CITY OF ALLENTOWN**
**FORMER MAYOR ROY AFFLERBACH**
**MAYOR EDWIN PAWLOWSKI**
**CHIEF OF POLICE JOSEPH C. BLACKBURN**
**and**
**FORMER OFFICER DAVID PATINO**
**Defendants**


75.    Plaintiff hereby incorporates by reference the allegations in

Paragraph One (1) through Paragraph Seventy-four (74), as though more fully set

forth at length.

76.    The aforementioned Defendant Patino unlawfully and without

justification pushed, choked, struck the Plaintiff with his fists, dragged the

Plaintiff from his vehicle and otherwise used excessive force upon Plaintiff,

causing bodily and psychological injury to the Plaintiff or did personally

precipitate the said attack by condoning, accepting, tolerating or encouraging

such illegal actions and misconduct by police officers.

77.     The actions of the Defendant Patino constitute an illegal assault and battery upon Plaintiff under the applicable statutes and case law within the Commonwealth of Pennsylvania. Pahle v. Colebrookdale Tp., 227 F. Supp.2d 361 (E.D.Pa. 2002).

78.     By assigning the Defendant Patino, to the vice squad and by failing to properly monitor his actions, take prompt remedial action or effect proper discipline for his conduct, the Defendants City of Allentown , Afflerbach, and Blackburn , by and through their upper level management, enabled the Defendant Patino to commit the acts of assault and battery upon Plaintiff, as more fully described above.

79.     By failing to develop and implement policies prohibiting the use of excessive force and brutality against citizens, the Defendants, City of Allentown,  Afflerbach, and Blackburn, by and through their upper level management, enabled the Defendant Patino to commit the acts of assault and battery upon Plaintiff, as more fully described above.

80.     By failing to establish a complaint procedure and training programs wherein management level and supervisory personnel are properly training in how to recognize, receive and prosecute complaints of the use of excessive force and brutality against citizens, the Defendants City of Allentown, Afflerbach and Blackburn enabled the Defendant Patino to commit the acts of assault and battery upon Plaintiff, as more fully described above.

81. The Defendants City of Allentown, Afflerbach and Blackburn are liable to the Plaintiff for all damages directly and proximately caused by the actions of Defendant Patino pursuant the doctrine of respondeat superior.

82. Defendant Patino is liable to Plaintiff for all damages directly and proximately caused by the acts of assault and battery committed upon the Plaintiff, as more fully described above.

83. The aforementioned Defendants engaged in the aforementioned unlawful conduct, which would shock the conscious of a reasonable person.

84. As a direct and proximate result of the aforesaid actions and omissions of all Defendants in developing, implementing and carrying out the aforesaid assault and battery, the Plaintiff has suffered the following injuries and losses and is entitled to the following damages:

A. Loss of the use, benefit and enjoyment of life;

B. Physical and mental pain and suffering and anguish and embarrassment and humiliation;

C. Physical injuries to include severe bruising of his arms, legs, back, hands, contusions and abrasions of his arms, legs, back and hands, injury to his neck and back, causing severe pain and resulting in his inability to work for several weeks;

D. Severe damage to his teeth which resulted in the loss of two teeth that subsequently led to removal of more teeth and a need for a dental plate;

E.     Loss of valuable and inalienable rights to be free from unlawful search, free from illegal restraint and from all loss associated with his false arrest on the charge of Resisting Arrest;

F     Loss if income and impairment of personal reputation;

G.     Medical expenses; and

H.     Punitive damages, which are justified factually and legally because of the outlandish and outrageous conduct, actions and omissions of one or more of the Defendants as aforesaid.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally and determine that Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A.     A declaration that Defendants have violated Plaintiff's civil rights;

B.     Compensatory damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars;

C.     Punitive damages, as appropriate, against the individual Defendants in their individual capacities;

D.     Exemplary damages, as applicable;

E.     Attorney's fees, costs of suit and pre-judgment interest; and

F.     Such other legal and equitable relief as this Honorable Court should deem just and proper.

**COUNT FOUR**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**MIGUEL RODRIGUEZ,**
**Plaintiff**
**VS.**

**CITY OF ALLENTOWN**
**FORMER MAYOR ROY AFFLERBACH**
**MAYOR EDWIN PAWLOWSKI**
**CHIEF OF POLICE JOSEPH C. BLACKBURN**
**and**
**FORMER OFFICER DAVID PATINO**
**Defendants**

85.     Plaintiff hereby incorporates by reference the allegations in Paragraph One (1) through Paragraph Eighty-four (84) as though more fully set forth at length.

86.     The above-described conduct, acts or omissions of the Defendants resulted in the negligent infliction of emotional distress, psychological trauma, pain and suffering upon the Plaintiff

87.     As a direct and proximate result of the aforesaid conduct, acts or omissions of the Defendants, Plaintiff has suffered, continues to suffer or will suffer the following:

A.     Emotional distress, mental anguish and psychological distress and trauma and the resulting physical pain and suffering;

B.     Severe fright, worry, horror, shock to his nerves and nervous system and grief;

C. Embarrassment, humiliation and anger; and

D. Past or future expenses for medical care and treatment.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally and determine that Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A. A declaration that Defendants have violated Plaintiff's civil rights;

B. Compensatory damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars;

C. Punitive damages, as appropriate, against the individual Defendants in their individual capacities;

D. Exemplary damages, as applicable;

E. Attorney's fees, costs of suit and pre-judgment interest; and

F. Such other legal and equitable relief as this Honorable Court should deem just and proper.

**COUNT FIVE**
**FALSE ARREST**
**MIGUEL RODRIGUEZ,**
**Plaintiff**
**VS.**
**CITY OF ALLENTOWN**
**FORMER MAYOR ROY AFFLERBACH**
**MAYOR EDWIN PAWLOWSKI**
**CHIEF OF POLICE JOSEPH C. BLACKBURN**
**and**
**FORMER OFFICER DAVID PATINO**
**Defendants**

88.     Plaintiff hereby incorporates by reference the allegations in Paragraph One (1) through Paragraph Eighty-seven (87) as though more fully set forth at length.

89.     The actions and conduct of the Defendant Patino in arresting the Plaintiff for the offenses as set forth above were made without probable cause and privilege to arrest.

90.     The Defendant Patino arrested the Plaintiff for his own malicious purposes, including as justification and a defense to his use of excessive force upon the Plaintiff and for causing his injuries as more fully described above.

91.     The Defendant Patino arrested the Plaintiff as an unlawful and pretextual arrest and not for proper and legitimate law enforcement purposes.

92.     The conduct of the Defendant Patino in subjecting the Plaintiff to false arrest was accepted, approved, condoned and acquiesced to by the Defendants City of Allentown, Afflerbach and Blackburn.

93.     As a direct and proximate result of the conduct, acts and omissions of all Defendants, the Plaintiff sustained the damages and injuries more fully set forth above.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally and determine that Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A.     A declaration that Defendants have violated Plaintiffs civil rights;

B.     Compensatory damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars;

C.     Punitive damages, as appropriate, against the individual Defendants in their individual capacities;

D.     Exemplary damages, as applicable;

E.     Attorney's fees, costs of suit and pre-judgment interest; and

F.     Such other legal and equitable relief as this Honorable Court should deem just and proper.

**COUNT SIX**
**FALSE IMPRISONMENT**
**MIGUEL RODRIGUEZ,**
**Plaintiff**
**VS.**
**CITY OF ALLENTOWN**
**FORMER MAYOR ROY AFFLERBACH**
**MAYOR EDWIN PAWLOWKI**
**CHIEF OF POLICE JOSEPH C. BLACKBURN**
**and**
**FORMER OFFICER DAVID PATINO**
**Defendants**

94.     Plaintiff hereby incorporates by reference the allegations in Paragraph One (1) through Paragraph Ninety-three (93) as though more fully set forth at length.

95      Defendant Patino, while acting as agent, servant and employee of the Defendant City of Allentown and in the manner set forth above and without a proper warrant, arrested and confined Plaintiff on the false and illegal charges as set forth above, thereby causing the Plaintiff to suffer the injuries set forth above.

96.     The Defendant Patino lacked probable cause to arrest Plaintiff on the charges as set forth above and his action was based on an illegal pretext to justify and defend their use of excessive force upon the Plaintiff

97.     The Plaintiff was arrested and taken into custody on the charges as set forth above despite the Defendant Patino's lack of probable cause necessary to assert his official privilege to imprison the Plaintiff

98.     The Defendant did not arrest and imprison the Plaintiff for the legitimate law enforcement purpose of convicting Plaintiff of the charges set

forth above but for the purpose of defending his illegal use of excessive force and for exacting cruel physical and mental punishment upon the Plaintiff.

99.     The conduct of the Defendant Patino constitutes a false imprisonment of the Plaintiff, which resulted in the Plaintiff's sustaining the damages and injuries set forth above.

100.     The conduct of the Defendant Patino, in subjecting the Plaintiff to false imprisonment was accepted, approved, condoned and acquiesced to by the Defendants City of Allentown, Afflerbach and Blackburn.

101.     Defendants, therefore, are liable to Plaintiff for false arrest and false imprisonment under the law of the Commonwealth of Pennsylvania.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally and determine that Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A.     A declaration that Defendants have violated Plaintiff's civil rights;

B.     Compensatory damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars;

C.     Punitive damages, as appropriate, against the individual Defendants in their individual capacities;

D.     Exemplary damages, as applicable;

E.    Attorney's fees, costs of suit and pre-judgment interest; and

F.    Such other legal and equitable relief as this Honorable

Court should deem just and proper.

**COUNT SEVEN**
**MALICIOUS PROSECUTION**
**MIGUEL RODRIGUEZ,**
**Plaintiff**
**VS.**
**CITY OF ALLENTOWN**
**FORMER MAYOR ROY AFFLERBACH**
**MAYOR EDWIN PAWLOWSKI**
**CHIEF OF POLICE JOSEPH C. BLACKBURN**
**and**
**FORMER OFFICER DAVID PATINO**
**Defendants**

102.    Plaintiff hereby incorporates by reference the allegations in Paragraph One (1) through Paragraph One Hundred One (101) as though more fully set forth at length.

103.    Defendant Patino's arrest of the Plaintiff on the charges as set forth above was initiated and continued by Defendant Patino for malicious purposes, specifically, to serve as justification and a defense to his use of illegal and excessive force upon Plaintiff.

104.    Defendant Patino's arrest of Plaintiff was without probable cause and illegal and formed a basis for the Plaintiffs incarceration.

105.    The conduct of the Defendant Patino in subjecting the Plaintiff to malicious prosecution was accepted, approved, condoned and acquiesced to by the Defendants City of Allentown, Afflerbach and Blackburn.

106. Defendants, therefore, are liable to Plaintiff for malicious prosecution under the law of the Commonwealth of Pennsylvania.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally and determine that Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A. A declaration that Defendants have violated Plaintiffs civil rights;

B. Compensatory damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars;

C. Punitive damages, as appropriate, against the individual Defendants in their individual capacities;

D. Exemplary damages, as applicable;

E. Attorney's fees, costs of suit and pre-judgment interest; and

F. Such other legal and equitable relief as this Honorable Court should deem just and proper.

**COUNT EIGHT**
**ABUSE OF PROCESS**
**MIGUEL RODRIGUEZ,**
**Plaintiff**
**VS.**
**CITY OF ALLENTOWN**
**FORMER MAYOR ROY AFFLERBACH**
**MAYOR EDWIN PAWLOWSKI**
**CHIEF OF POLICE JOSEPH C. BLACKBURN**
**and**
**FORMER OFFICER DAVID PATINO**
**Defendants**

107.    Plaintiff hereby incorporates by reference the allegations in Paragraph One (1) through Paragraph One Hundred Six (106) as though more fully set forth at length.

108.    The actions, conduct and omissions of the Defendant Patino in subjecting the Plaintiff to false arrest, false imprisonment and malicious prosecution on the charges as set forth above constitute an abuse of criminal process.

109.    The actions, conduct and omissions of the Defendant Patino in subjecting Plaintiff to an abuse of process in order to justify or defend his use of illegal and excessive force directly and proximately caused the injuries and damages sustained by Plaintiff, as more fully described above.

110.    The conduct of the Defendant Patino in subjecting the Plaintiff to an abuse of criminal process was accepted, approved, condoned and acquiesced to by the Defendants City of Allentown, Afflerbach and Blackburn.

111.    Defendants, therefore, are liable to Plaintiff for an abuse of criminal process under the law of the Commonwealth of Pennsylvania.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally and determine that Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A.    A declaration that Defendants have violated Plaintiffs civil rights;

B.    Compensatory damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars;

C.    Punitive damages, as appropriate, against the individual Defendants in their individual capacities;

D.    Exemplary damages, as applicable;

E.    Attorney's fees, costs of suit and pre-judgment interest; and

F.    Such other legal and equitable relief as this Honorable Court should deem just and proper.

**COUNT NINE**
**VIOLATION OF PENNSYLVANIA LAW**
**MIGUEL RODRIGUEZ,**
**Plaintiff**
**VS.**
**CITY OF ALLENTOWN**
**FORMER MAYOR ROY AFFLERBACH**
**MAYOR EDWIN PAWLOWSKI**
**CHIEF OF POLICE JOSEPH C. BLACKBURN**
**and**
**FORMER OFFICER DAVID PATINO**
**Defendants**

112.     Plaintiff hereby incorporates by reference the allegations in

Paragraph One (1) through Paragraph One Hundred Eleven (111) as though more

fully set forth at length.

113.     Defendant Patino, acting as agent, servant and employee of the

Defendant City of Allentown, Afflerbach and Blackburn and within the scope of

his employment, in committing the acts set forth above, has violated and deprived

Plaintiff of rights, privileges and immunities secured by the Constitution and laws

of the Commonwealth of Pennsylvania in the following particulars:

A.     Defendant Patino stopped, detained, abused, insulted, subjected

Plaintiff to peril, brutalized, searched, seized arrested, confined, imprisoned,

prosecuted and gave false testimony against the Plaintiff, motivated by prejudice

against the Plaintiff, and for the purpose of denying and depriving Plaintiff the

enjoyment of civil rights under the Constitutions and laws of the United States of

America and the Commonwealth of Pennsylvania in violation Article I, Sections

1 and 26 of the Constitution of Pennsylvania.

B.     Defendant Patino stopped, detained, searched, seized, arrested, confined, and imprisoned Plaintiff without a warrant and subjected Plaintiff to peril, in violation of Plaintiff's rights secured by Article I, Section 8 of the Constitution of Pennsylvania.

C.     Defendant Patino searched, subjected Plaintiff to peril, brutalized, seized, arrested, confined and imprisoned Plaintiff, and required Plaintiff to post a bond to obtain release from custody, even though an arrest for "Resisting Arrest" was not authorized under the law of the Commonwealth of Pennsylvania.

D.     Defendant Patino abused, subjected Plaintiff to peril, brutalized, searched, seized, arrested, confined and imprisoned Plaintiff because Plaintiff exercised his right to protect himself and to extricate himself from a position of peril and to remain silent in the face of police interrogation, as secured by Article I, Section 1 and 9 of the Constitution of the Commonwealth of Pennsylvania.

E.     Defendant Patino used wrongful and excessive force against the Plaintiff in attempting to illegally detain Plaintiff and in making the arrest and subjecting Plaintiff to summary punishment and subjecting Plaintiff to cruel punishment in violation of rights secured by Article I, Sections 8, 9 and 14 of the Constitution of Pennsylvania.

F.     Defendant Patino brought a false and unfounded charge against Plaintiff and Defendant Patino testified falsely against Plaintiff in violation of rights secured by Article I, Section 9 of the Constitution of Pennsylvania.

G.     Defendant Patino brought false and unfounded charges as set forth above against Plaintiff and insisted that Plaintiff plead guilty to said charge in

order to receive a standard range sentence of incarceration, in order to insulate Defendants from liability and civil suit resulting from their beating the Plaintiff and engaging in the above-described wrongful, illegal and unconstitutional conduct. Defendant Patino's actions are in further violation of the above-stated Sections of the Constitution of the Commonwealth of Pennsylvania.

As a result of Defendant Patino's false testimony, Plaintiff was incarcerated in Lehigh County Prison for a period of one hundred thirteen days.

114. The actions of the Defendant Patino, in violation of Plaintiff's rights under the laws of the Commonwealth of Pennsylvania, have caused Plaintiff to suffer, in addition to the deprivation of his rights, the injuries and damages set forth above.

115. The Defendant Patino, in violation of Plaintiff's rights under the laws of the Commonwealth of Pennsylvania in bringing the unfounded charges left the Plaintiff with no choice but to elect to trail by jury at which trial Defendant Patino gave false testimony which resulted in Plaintiff being found guilty on all charges.

116. Defendants, therefore, are liable to Plaintiff under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Miguel Rodriguez, respectfully requests that this Honorable Court enter Judgment in his favor and against the Defendants and grant his compensatory and punitive damages, the costs of this suit and such other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Jury Trial on all issues of fact and damages in this action.

_____
THOMAS J. TURCZYN, ESQUIRE
Attorney for Plaintiff
Attorney I. D. #10383
1711 Hamilton Street
Allentown, PA  18104
610-432-7600